IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 3:21-cr-355-ECM |
| | ) |
| TRENTON RASHAD DANIEL | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Trenton Rashad Daniel's motion to continue trial (doc. 147) filed on February 1, 2021. Jury selection and trial are presently set on the term of court commencing on February 7, 2022. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents that the Defendant has filed a notice of intent to change plea but the change of plea hearing cannot be scheduled prior to the scheduled trial date. (Doc. 147 at 1). In addition, this is multi–defendant conspiracy case, and five other defendants are scheduled for trial on May 9, 2022. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). In the event the Defendant does not change his plea, the court concludes that he should be tried with his co-defendants because a joint trial serves the interests of judicial administration and economy. Accordingly, the Court concludes that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant in a speedy trial. Thus, for good cause, it is

ORDERED that the motion to continue (doc. 147) is GRANTED, and jury selection and trial are CONTINUED from February 7, 2022, to the criminal term of court set to commence on May 9, 2022, at 10:00 a.m. in Opelika, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the May trial term.

Done this 1st day of February, 2022.

                                            /s/Emily C. Marks  
                                     EMILY C. MARKS  
                                       CHIEF UNITED STATES DISTRICT JUDGE